IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC CHARLES K'nAPP,

    Petitioner,                  No. 2:08-cv-1040 JFM (HC)

    vs.

WARDEN OF SALINAS VALLEY STATE PRISON,

    Respondent.             ORDER

                                      /

             Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] In 1993, petitioner was sentenced to 98 years in state prison following his conviction on multiple counts of rape, oral copulation, digital penetration, and sexual battery, as well as one count each of burglary and assault with a deadly weapon, all in violation of state law. Petitioner's commitment offenses involved two victims, who will be referred to in this order as C and S.[2] Petitioner's claims also refer to charges filed in connection with a third alleged victim, who will be referred to as B in this order.[3] The latter charges were

---

[1] The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c).

[2] The references correspond to the first names of the individuals, which are set forth in the pleadings filed in this action.

[3] See footnote 2, supra.

1

eventually dropped. In the instant petition, filed in March 2008, petitioner challenges the 1993 conviction and the sentence imposed thereon. The petition contains six claims: (1) newly discovered evidence of actual innocence as to the convictions involving C; (2) ineffective assistance of counsel at trial, sentencing and on appeal; (3) prosecutorial misconduct at trial; (4) jury prejudice; (5) cumulative errors; and (6) arbitrary, capricious and vindictive sentencing. Each of the claims has multiple contentions. See Petition at 53-68.

Respondent has filed a motion to dismiss claims two through six of the petition as barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d).[4] Petitioner opposes the motion.[5]

Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4] Claim one of the petition is based on newly discovered evidence of alleged actual innocence of the crimes against one of the two victims. This claim was the subject of a 2006 evidentiary hearing in state court and respondent acknowledges that this claim is not time-barred.

[5] By order filed January 14, 2009, respondent was directed to file a reply brief. Petitioner's January 23, 2009 objections to that order are overruled.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

Respondent's motion is predicated on the assumption that the timeliness of claims two through six is governed solely and exclusively by 28 U.S.C. § 2244(d)(1)(A). See Motion to Dismiss, filed July 24, 2008, at 5. However, several of the contentions in each of claims two through six are predicated on what petitioner claims is evidence that was "newly discovered" at three separate points in time: June 1997, October 2001, and some time in 2004.55-68.[6] See Petition, at 41-48 and 55-68.[7] Petitioner refers to this newly discovered evidence in his opposition to the motion to dismiss. See Opposition by Petitioner to Respondent's Amended Motion to Dismiss, filed September 26, 2008, at 16-17. None of these contentions have been analyzed with reference to 28 U.S.C. § 2244(d)(1)(D).[8]

For purposes of the statute of limitations analysis with respect to those aspects of petitioner's second through sixth claims that are not predicated on any allegation of newly discovered evidence, the relevant chronology of this case is as follows:

1. Petitioner was convicted on August 30, 1993.

2. On October 10, 1995, the California Court of Appeal for the Third Appellate

---

[6] Petitioner's first claim for relief, which is not at issue on this motion, is also predicated on newly discovered evidence of actual innocence of the offense against.

[7] The following are the contentions that are predicated on allegations of newly discovered evidence separate from that at issue in Claim 1: Claim 2(c)(2),(4),(11),(13),(14); Claim 3(c)(1), (2), (3), (4), (7), and (10); Claim 4(c)(3), (8); Claim 5(c)(1), (2), (7), (11), (13); and Claim 6(c)(7).

[8] As noted above, on January 14, 2009, the court directed respondent to file a reply brief. In that order, the court specifically noted that petitioner contended in opposition to the motion to dismiss both that he was entitled to equitable tolling "and that all of his claims are based, at least to some extent, on various pieces of newly discovered evidence." Order filed January 14, 2009, at 2. In the reply brief, respondent addresses the propriety of equitable tolling but does not address that part of the opposition dealing with newly discovered evidence.

1  District affirmed petitioner's conviction.

2      3.   On December 20, 1995, the California Supreme Court denied review.

3      4.   Between May 2001 and September 2007, petitioner filed multiple state
petitions for post-conviction review at each level of the state court system.  The last such petition was filed on September 10, 2007 in the California Supreme Court and denied by that court on February 27, 2008.

    5.  On March 16, 2008, petitioner filed the instant action.[9]

The federal habeas corpus statute of limitations was enacted as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996.  See, .e.g., Bryant v. Arizona Attorney General, 499 F.3d 1056, 1058 (9th Cir. 2007). Petitioner's conviction became final prior to that date; therefore the limitations period began to run against petitioner on April 25, 1996 and expired one year later on April 24, 1997.  See Bryant, id. (citing, inter alia, Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)). Petitioner did not file any state habeas corpus petitions until May 2001, over four years after the limitations period expired.  State habeas petitions filed after expiration of the limitations period do not revive the statute of limitations and have no tolling effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir.2001).  Thus, the statute of limitations for petitioner's second through sixth claims expired on April 24, 1997 and petitioner is not entitled to statutory tolling for those claims under § 2244(d)(2).

In his opposition, petitioner contends that he is entitled to equitable tolling of the limitations period.  The limitations period of § 2244(d) "is subject to equitable tolling."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citing Calderon v. United States Dist. Ct. for Cent. Dist. of Cal. (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997), overruled in part on other

---

[9] The original petition was docketed in this action on March 21, 2008.  The certificate of service appended to the petition is dated March 16, 2008.  This action is deemed filed on the date the original petition was delivered to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988).

4

grounds by Calderon v. United States Dist. Ct., 163 F.3d 530, 540 (9th Cir. 1998)). See also Pace v. DiGuglielmo, 544 U.S. 408, 418 & n.8 (2005). Equitable tolling presents a "high hurdle" for petitioners, however, and is available only if extraordinary circumstances beyond a prisoner's control make it impossible for him to file a timely petition. See id. at 1289; Calderon v. United States District Court (Kelly), 127 F.3d 782, 786 (9th Cir. 1997). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 & n.8 (2005). Equitable tolling will be unavailable in most cases. See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir.2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999).

   Petitioner argues that the statute of limitations period should be tolled because external forces and extraordinary circumstances beyond his control prevented him from possessing, accessing and reviewing his legal materials. Petitioner also contends he was deprived of his legal materials by counsel for a substantial period of time and he was represented by an ineffective attorney who delayed petitioner's state court filings beyond the statute of limitations period.

   Petitioner has provided a declaration in support of his contention that he is entitled to equitable tolling. Therein, petitioner avers that on January 5, 1996, he was "violently assaulted" in a prison facility at California State Prison-Sacramento. Declaration Supporting Petitioner's Opposition to Respondent's Amended Motion to Dismiss, filed September 26, 2008, at 8. On March 4, 1996, petitioner's mother hired an attorney, Michael Satris, to evaluate the assistance provided to petitioner by his trial counsel. Id. On March 25, 1996, Attorney Satris provided the requested evaluation to petitioner and his mother. Id. On April 8, 1996, petitioner was admitted to an intensive psychiatric care program to be treated for post-traumatic stress disorder. Id. In June 1996, petitioner was transferred from the psychiatric program to protective custody. Id. In July 1996, petitioner received several boxes of legal material from his trial

1  counsel. Id. Petitioner avers that the material "appeared to have been piled up in the middle of a
2  floor and then shoveled or thrown haphazardly into the boxes." Id. Because he was celled with
3  another inmate, due to considerations of safety and an absence of privacy, petitioner stored the
4  legal materials. Id.

5  In November 1996, petitioner was notified that he would be transferred to
6  Calipatria State Prison (Calipatria). Id. Petitioner was transferred in January 1997. Id. at 9. His
7  legal material did not arrive at Calipatria until March 1997. Id. From March until June 1997,
8  petitioner was housed in a cell with an inmate convicted of murdering a sex offender with a
9  baseball bat, so he did not dare have his legal material in his cell with him. Id. From April 1997
10 until June 1997, petitioner "suffered debilitating mental anguish" after the unexpected death of
11 his grandmother. Id. In June 1997, petitioner was rehoused with an inmate with a similar
12 commitment offense. Id. At that point, he began to sort and organize his legal material and to do
13 legal research. Id. In August 1997, he sent out approximately 150 letters seeking legal
14 assistance. Id. In February 1998, petitioner received a response from an attorney and in March
15 1998, petitioner and his family retained the attorney to represent petitioner in post-conviction
16 proceedings. Id. Petitioner's declaration contains numerous averments concerning that
17 representation; however, for the reasons set forth infra those averments are not relevant to
18 disposition of the instant motion.

19 As noted above, absent tolling petitioner had one year from April 25, 1996 in
20 which to file a federal habeas corpus petition. During that year, petitioner was in an "intensive
21 psychiatric care program" from April until June, when he was transferred to protective custody.
22 From June 1996 until January 1997, it appears that petitioner was in protective custody at
23 California State Prison-Sacramento and from July 1996 until January 1997, petitioner had access
24 to his legal material even though he chose to store the material outside of his cell.[10] From

---

[10] Although petitioner avers that he receive "all" of his "case paperwork" from his attorney in July 1996, he also avers that in March 1996 his mother hired Attorney Michael Satris

January until March 1997, petitioner was without access to his legal material, but he received the material in March 1997, stored it out of his cell for two months, and then had full access to the material in his cell starting in June 1997.

After careful review of petitioner's declaration, this court finds that petitioner has not demonstrated entitlement to equitable tolling for a sufficient period to excuse the delay in filing the instant petition. The court finds that the following periods might constitute "extraordinary circumstances" sufficient to justify equitable tolling: the two month period between April 1996 and June 1996 while petitioner was in the "intensive psychiatric care program"; the period from June 1996 until July 17, 1996, at which point petitioner had received all of his "case paperwork", but see footnote 4, supra; and the period from January 6, 1997 until March 1997, when petitioner was at Calipatria and his legal material was at California State Prison-Sacramento. The other events described by petitioner during the period from April 1996 until February 1998 are not the type of "extraordinary circumstances" that warrant equitable tolling of the limitations period. Thus, the court will assume arguendo that the limitations period should be equitably tolled from April 25, 1996 until July 17, 1996, and from January 6, 1997 through the end of March 1997.[11] Notwithstanding that tolling, the limitations period ran for approximately five and one half months from July 17, 1996 until January 5, 1997, and ran again from the end of March 1997 until it expired approximately six and a half months later in mid-October 1997, well before petitioner retained counsel to represent him in post-conviction proceedings. Thus, all of the contentions in claims two through six that are not predicated on alleged newly discovered evidence, see footnote 7, supra, are barred by the statute of limitations.

/////

---

to evaluate petitioner's trial counsel's performance and that Mr. Satris was able to provide an evaluation to petitioner and his mother in the same month.

[11] Petitioner does not provide the specific date on which he received his legal material at Calipatria.

1         The contentions in claims two through six described in footnote 7, supra are, as
2  noted, predicated on allegations of evidence newly discovered in June 1997, October 2001, and
3  2004.  See Petition, filed March 21, 2008, at 41-48.  The timeliness of those contentions appears
4  to be governed by § 2244(d)(1)(D), rather than § 2244(d)(1)(A).  Respondent has not sought
5  dismissal of any of petitioner's claims under § 2244(d)(1)(D).  With respect to those contentions
6  set forth in footnote 7, therefore, respondent's motion will be denied.
7         In accordance with the above, IT IS HEREBY ORDERED that:
8         1.  Respondent's July 24, 2008 motion to dismiss is granted in part and denied in
9  part.
10        2.  All contentions raised in Claims 2 through 6 of the petition except Claim
11 2(c)(2),(4),(11),(13),(14); Claim 3(c)(1), (2), (3), (4), (7), and (10); Claim 4(c)(3), (8); Claim
12 5(c)(1), (2), (7), (11), (13); and Claim 6(c)(7) are dismissed as barred by the statute of
13 limitations.
14        3.  Within forty-five days from the date of this order respondent shall answer
15 Claim 1 and the contentions set forth in paragraph 2 of this order.  See Rule 4, Rules Governing
16 Section 2254 Cases.  Respondents shall include with the answer any and all transcripts or other
17 documents relevant to the determination of the issues presented in the application.  Rule 5, Rules
18 Governing Section 2254 Cases.
19        4.  Petitioner's traverse, if any, is due on or before thirty days from the date
20 respondent's answer is filed.
21 DATED: February 25, 2009.

                                    UNITED STATES MAGISTRATE JUDGE

25 12;knap1040.mtd